# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Stephen Owens,
Plaintiff,

v.

City of Philadelphia;
Philadelphia Department of Prisons,
Michael R. Resnick,
Commissioner of Prisons,
Beauford,
Warden of Curran-Fromhold Correctional Facility,
John Doe,
Deputy Warden of Curran-Fromhold Correctional Facility,
Bleadsoe,
Correctional Lieutenant,
Vance,
Correctional officer,
Howard, Correctional officer,
Hodges, Correctional officer,
I. Neal, Correctional officer,
Defendants.

Civil Action No.

COMPLAINT

JURY TRIAL DEMANDED

# I. Jurisdiction And Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivations, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Mr. Owens seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Mr. Owens's Claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Eastern District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

# II. Parties

3. Plaintiff Stephen Owens ("Mr. Owens"), is at all times mentioned herein a pretrial detainee, who suffers from multiple mental disorders and is being held at Curran-Fromhold Correctional Facility, ("CFCF"), located at 7901 State Road, Philadelphia PA 19136

4. Defendant City of Philadelphia ("The City"), is a entity of the State of Pennsylvania who receives federal funding in order to operate the City jails and is the sole policy maker of each county jail. Defendant is sued in its official and individual capacities.

5. Defendant Philadelphia Department of Prisons ("PDP"), is a entity of the City who receives state and federal funding in order to operate its' county jail facilities. Defendant is also legally responsible for the safely and welfare of Mr. Owens and the overall policy maker of it's county jail facilities. Defendant is sued in it's official and individual capacities.

6. Defendant Michael R. Resnick ("Resnick"), is the Commissioner of Prisons. He is the overall policy maker within PDP and legally responsible for the Care, Custody and Control, health and Safety of Mr. Owens and Simular Situated Incarcerated Persons ("I/Ps"). He is being sued in his official and individual capacities.

7. Defendant Beauford, is the warden of CFCF. He is the sole policy maker of CFCF and is legally responsible for the overall operations of CFCF. He is being sued in his official and individual Capacities.

8. Defendant John Doe ("Doe"), is the deputy warden of CFCF. He is legally responsible for the operations of CFCF housing units, reviewing and responding to I/P grievances and the safety and health of Mr. Owens. He is being sued in his official and individual Capacities.

9. Defendant Bleadsoe ("Bleadsoe"), is a Corrections Lieuteant at CFCF. She is legally responsible for the overall operations of C building when on duty. She is sued in her official and individual capacities.

10. Defendant Vance ("Vance"), is a Correctional Officer at CFCF. She is legally responsible for the operations of C-2-1 when on duty. She is being sued in her official and individual capacities.

11. Defendant Howard ("Howard"), is a Correctional officer at CFCF. She is legally responsible for the operations of C-2-1 when on duty. She is being sued in her official and individual capacities.

12. Defendant I. Neal ("Neal"), is a Correctional officer at CFCF. She is legally responsible for the operations of C-1-3 when on duty. She is being sued in her official and individual capacities.

13. Defendant Hodges ("Hodges"), is a Correctional officer at CFCF. She is legally responsible for the operations of C-2-1 when on duty. She is being sued in her official and individual capacities.

14. Each defendant at all times mentioned in this Complaint had a duty to ensure that Mr. Owens and simular situated I/Ps were Safe and healthy while confined at CFCF and housed on CFCF housing units.

15. Each defendant at all times mentioned in this Complaint acted under the color of state law.

NOTE: Each John or Jane Doe will be reconized and name(s) will be prevailed during discovery.

# III. Facts

16. Mr. Owens, is at all relevant times mentioned in this complaint a pretrial detainee who suffers from Asthma and multiple mental disorders. He is being confined at CFCF, located at, 7901 State Road, Phila, PA 19136.

17. Defendants the City and PDP has a non-smoking policy for all staff, I/Ps, visitors and it's jail facilities.

18. on June 5, 2025, Mr. Owens was comitted to CFCF.

19. During the month of June through July 2025, Mr. Owens was housed on C-2-1 and C-1-3.

20. Mr. Owens from June through July 2025, til the filing of this complaint is being forced to inhale the Secondhand Smoke of K2 in paper form which is a man made drug by using 1) Nail Polish Remover, 2) WD 40, and 3) Roach Spray which is sprayed on paper and smoked by I/Ps on state road.

21. Mr. Owens from June through July 2025, til the filing of this Complaint is being forced to inhale the Secondhand Smoke of buring rolled up toilet paper and brown paper towel all used to light the K2 and Tobacco with.

22. The burning of the rolled up brown paper towel, toilet paper and brown paper bag is placed in the cells vents and left burning all day and night that can be smelled throughout each cell and the housing unit.

23. Once the burning papers are stuck in the cells vents, the thick smoke triggers the smoke alarm inside the cell vents which than automaticlly shuts off the air in each cell and on the housing unit which causes the entire housing unit to be extremely hot even the cells.

24. Mr. Owens, during the months of June through July 2025, till the filing of this Complaint due to the Constant Secondhand smoke and the burning paper that causes the air to shut off is causing Mr. Owens to have Shortness of breath, Dizzyness, headaches, stomach pains, light headedness and burning of the eyes for days.

25. On July 4, 2025, Mr. Owens was called to CFCF medical department in order to be seen for his Chronic asthma as a result of him placeing a Sick call Request form in the box due to his asthma becoming worst due to the second hand smoke and burning paper 7 days a week and 24 hours a day.

26. Practioner O. Marshall, examed Mr. Owens and noticed that Mr. Owens asthma had gotten worst and Mr. Owens needed a stronger inhaler that he would use more than the old inhaler ("Albuterol") during the day and night.

27. Defendant's the City, PDP, Resnick, Beauferd, Doe, Bleadsoe, Vance, Howard, Hodges and Neal are aware

of who is smokeing on the units and fails to do anything about it.

28. on July 4, 2025, Mr. Owens was having shortness of Breath, Dizzyness, Severe headaches, light headedness, vomiting and Stomach pains due to the inhaling of the Syntheic K2 and the burning paper which was coming through the ventilation System and caused the air in the cells to shut off.

29. Mr. Owens pressed the emergency call button in his cell in his attempt to gain medical treatment and help from defendant Hodges.

30. Defendant Hodges turned off the emergency call button from the officer's desk and did nothing but ~~she~~ sat down drinking her beverage.

31. Video footage from July 4, 2025, at aprox. 9:30pm – 10:45pm shows defendant Hodges turning off the emergency call button from behind the officers desk.

32. It is a common occurrence for PDP officer's to egnore the emergency call button once activated by an I/P from within its cell.

33. This issue has been sited and litigated and is still being litigated in the Eastern District Court within Remick v. City of Philadelphia, and still to this date PDP officers fails to correct the Secondhand Smoke and the emergency call button issues.

34. The secondhand smoke has gotten so out of control that staff members and officer's who works at CFCF walks around with sergical masks on seven days a week twentyfour hours a day because they do not want to catch contact from the secondhand smoke of the K2.

35. On July 14, 2025, Mr. Owens again was having shortness of breath, Dizzyness, severe headaches, light headedness and vomiting due to him inhaling the secondhand smoke of K2 in paper form which his cellmate was smokeing in the cell.

36. Mr. Owens not only notified defendant Neal who also witnessed the above mentioned but Mr. Owens requested to switch his cellmate out with Timothy Coontz PP# 815767 who does not smoke.

37. Defendant Neal refused to call medical for Mr. Owens and defendant refused to switch cellmates.

38. Minutes later an I/P who is housed in cell #9 was in the dayroom of C-1-3 and he was on the verge of passing out from smoking K2 in paper form.

39. Defendant Neal got on her walkie talkie and called for a strecher from CFCF medical department for the I/P from cell #9 who was on the verge of passing out.

40. All medical strecher calls are documented in CFCF medical department and defendant Neal and/or CFCF medical staff would have to fill out a incident report.

41. Defendant PDP staff, Correctional officer's and union Representitives all have filed civil actions jointly and seperately due to the secondhand smoke of K2 due to defendant's City of Philadelphia, PDP and Resnick failure to protect their health and safety from the exposure of the syntheic drug K2.

42. During the years of 2024 and 2025 I/P Vincent Chapilini filed civil actions(s) about the K2 second hand smoke and still the City, PDP and Resnick has failed to stop the madness inside it's jail facilities.

## IV. Legal Claims

43. Defendant's the City, PDP and Resnick, knew of the secondhand smoke of K2 in paper form prior to Mr. Owens's 1983 complaint through numerous Inmate Grievances, staff and Correctional officer's complaints and various civil actions and defendant's failes to correct such madness. Defendant's actions violated and continue to violate Mr. Owens's rights under the Eighth and Fourteenth Amendment to the United States Constitution and is causing Mr. Owens, pain, suffering, physical injury and emotional distress.

44. Defendant's Beauferd, Doe and Bleadsoe being supervisory officials knew of the secondhand smoke of K2 first hand through Inmate Grievances or being on the housing unit(s) and fails to correct the situation. Defendant's actions violated and continues to violate Mr. Owens's rights under the Eighth and Fourteenth Amendment to the United States Constitution and is causing Mr. Owens, pain, suffering, Physical injury and mental and emotional distress.

45. Defendant's Vance, Howard, Hodges and Neal, knows of the secondhand K2 smoke first hand by working on the unit(s) and did nothing and continue to do nothing to stop the secondhand hand smokeing on their housing unit. Defendant's actions violated and continues to violate Mr. Owens's rights under the Eight and Fourteenth Amendment to the United States Constitution and is causing and continue to cause Mr. Owens, pain, suffering, Physical injury, mental and emotional distress.

46. Defendant Neal, knowing and seeing that Mr. Owens was in dier need of medical treatment and stood by and watch Mr. Owens possible die, than call a medical emergency strecher for I/P in cell #9 on C-1-3 just minutes letes was nothing more than pure evil that amounted to deliberate indifference and discrimination. Defendant actions violated Mr. Owens's rights under the Eighth and Fourteenth Amendment to the United States Constitution causing, pain, suffering, Physical injury, mental and emotional distress.

47. Each named Defendant herein acted in a way to deprive Mr. Owens of his basic human need in which the Conditions of the Secondhand Smoke puts Mr. Owens at serious risk for injury in the future.

48. Mr. Owens, has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Mr. Owens has been and will continue to be irreparably injured by the Conduct of the defendant's unless this Court grants relief which Mr. Owens seeks.

V. Prayer For Relief

WHEREFORE, Mr. Owens respectfully pray that this Honorable Court enter judgment:

49. Granting Mr. Owens a declaration that the acts and omissions described herein violated his rights under the Constitution and laws of the United states; and

50. A preliminary and permanent injunction ordering defendant's City, PDP and Resnick to correct the secondhand smoking of K2 in paper form ASAP or release Mr. Owens from Custody; and

51. Granting Mr. Owens Compensatory damages in the amount of $100,000.00 against each defendant jointly and severally; and

52. Granting Mr. Owens punitive damages in the amount of $275,000.00 against each defendant, jointly and severally.

53. Mr. Owens seeks attorney fees; and

54. Mr. Owens seeks recovery of the cost of this suit, and

55. Any additional relief this court deems just and proper.

Respectfully Submitted,

[signature]

Stephen Owens #896192
7901 State Rd; CFCF
Philadelphia, PA 19136

# VERIFICATION

I have read the foregoing Complaint and hereby verify that the facts within said Complaint are true and correct under the penalty of perjury.

Executed at CFCF, on July 15, 2025

[signature]

Stephen Owens

NOTE: for self On July 15, 2025, mentalhealth staff, April, came to C-1-3 inorder to interview me. April was so consumed by the burning smell that it made he cough and she had to leave the pod.

Stephen Owens
Philadelphia Department of Prisons
Philadelphia, PA 19136
PPN 896192




RECEIVED
JUL 28 2025

"Legal Mail"

Clerk of Court
601 Market Street
Philadelphia, PA 19106

U.S.M.S.
X-RAY

19106$1729 C019

Photo Copied: July 23, 2025 - Clerk of Court, please notify me once received ASAP.